William R. Fix, W.S.B. #5-1908
**Fix Law Office**
P.O. Box 1459
Kealakekua, HI 96750
(307) 413-2718 Telephone
(307) 333-0717 Facsimile
fixlawoffice@gmail.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | | |
|---|---|---|
| REID RASNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| MICHAEL LEONARD COOLEY, JR. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Reid Rasner, by and through counsel undersigned, and for his *Complaint* against the Defendant, Michael Leonard Cooley, Jr., states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Reid Rasner is and was at all times relevant hereto a citizen of the State of Wyoming.

2.    Defendant Michael Leonard Cooley, Jr. (hereinafter sometimes referred to as "Defendant Cooley" or "Cooley") is and was at all times relevant hereto a citizen of the State of Iowa.

3.    This Court has subject matter jurisdiction of this case due to the complete diversity of citizenship of the parties pursuant to 28 U.S.C. §1332 and the amount in controversy which is in excess of $75,000.00.

4.    Defendant's acts and omissions occurred in and the false and defamatory statements complained of below were uttered, published and re-published in the State of Wyoming.

<strong>FACTS COMMON TO ALL CAUSES OF ACTION</strong>

5.    The allegations in the foregoing paragraphs are realleged here as if fully set forth here.

6.    Plaintiff Reid Rasner (hereinafter sometimes referred to as "Plaintiff" or "Mr. Rasner") is a businessman based in Casper, Wyoming.

7.    Mr. Rasner is the founder and CEO of Omnivest Financial, a financial services firm based in Casper, Wyoming, in addition to other business interests.

8.    Mr. Rasners is a candidate for the position of U.S. Representative for the State of Wyoming.

9.    Like many other prominent businessmen and politicians, Mr. Rasner has been the victim of individuals making hateful and untrue statements about him, aimed at defaming his character, stifling his political career, and harming his business interests.

10.    Defendant Michael Leonard Cooley, Jr., is one such individual.  On multiple occasions, Defendant made knowingly false and highly salacious allegations against Mr. Rasner that any reasonable person would have known were untrue.  These false and defamatory statements were made for a single purpose: to harm Mr. Rasner in his personal, professional, and political life.

11.    These statements have caused economic harm to Mr. Rasner.  In the time since Defendant Cooley made these statements, numerous clients have ceased doing

business with Mr. Rasner's wealth management firm and his personal, professional, and political reputation has been harmed.

12.  Mr. Rasner does not know Defendant Cooley, and has never met or spoken with him.

13.  Mr. Rasner, accordingly, has filed the instant action to seek redress from Defendant Cooley and to stop Defendant from continuing to make false and salacious allegations against Mr. Rasner, that Defendant knows are untrue and are being offered to impugn Mr. Rasner's character and derail Mr. Rasner's business and political interests.

14.  Defendant has made and continues to make knowingly false statements and comments on other posts on Facebook and other social media targeting Wyoming.

15.  These statements were made to or intended to be read by Wyoming voters, customers of Plaintiff's businesses in Wyoming.

16.  Defendant has continued his pattern of making false and defamatory statements about Plaintiff on Facebook and other social media.

17.  Such statements were and are intended to create a link to Defendant's ongoing false claims that Plaintiff had engaged in serious sexual misconduct.

18.  On or about February 1, 2026, directly under a Facebook post of Plaintiff standing under the iconic elk antler arch with "Jackson Hole Wy" emblazoned on antlers with Mr. Rasner proclaiming, "Hunting is Wyoming!!"  Defendant Cooley states: "This guy is a pedophile.  Republican party is the right fit for you."

19.  On or about February 27, 2026, Defendant Cooley again posted on Facebook: "This guy is a pedophile."

20.  On or about March 1, 2026, Defendant Cooley stated on FaceBook: "This dude is a pedophile."

21.    On or about March 2, 2026, Defendant Cooley again posted on Facebook: "This guy is a pedophile."

22.    On or about March 5, 2026, Defendant Cooley stated on Facebook: "This guy is a pedo creep."

23.    Defendant has made multiple other defamatory comments on Facebook and other social media which are not set forth here.

24.    These social media posts were made by Defendant with the malicious intent to harm Plaintiff's personal and professional reputation. Defendant knew or should have known that the statements were false at the time they were made.

25.    Defendant's social media posts on Facebook have been repeatedly propagated and disseminated by Defendant and others dozens of times over a period of several months, most recently in March of 2026.

26.    Defendant's remarks contained demonstrably false and defamatory statements impugning Plaintiff in his professional and personal capacities.  Specifically, those statements falsely allege that Plaintiff engaged in serious sexual misconduct.

27.    Defendant Cooley sent these deliberately false and defamatory statements to an unspecified number of recipients.

28.    These social media posts initiated by Defendant Cooley were re-posted by various known and unknown individuals and groups throughout every county of the State of Wyoming, essentially being spread in an electronically viral means.

29.    Defendant fabricated the social media messages entirely to discredit, defame and further harm Plaintiff Rasner knowing that any accusation of sexual misconduct is a serious allegation against anyone, especially a candidate for public office.

30.    Many of the social media posts were authored in a way to prevent Plaintiff from discovering them immediately upon publication.  For example, Defendant often

made statements in comments to other posts, decided not to tag Plaintiff in most of his posts and comments, and referred to Plaintiff by his last name only rather than his full name, or by comments including calling Plaintiff "a pedo." The likely purpose of all such actions was to disseminate misinformation about Plaintiff while preventing Plaintiff from discovering such statements.

31.    Defendant's purpose in making these fabricated statements was and is to further discredit, defame, and harm Plaintiff Rasner's business interests, including his relationships with existing and prospective clients and business partners.

32.    Such statements have, in fact, harmed Plaintiff's business interests and continue to do so.

33.    Plaintiff has lost customers at his wealth management firm due in part to the publication and dissemination of false claims by Defendant on Facebook and other social media. Defendant was aware or should have been aware of Plaintiff's ongoing business relationships and that his actions have caused harm to both existing and future relationships.

34.    Plaintiff has also lost out on potential business opportunities due to the statements and actions of Defendant.

### COUNT I:    DEFAMATION *PER SE*

35.    The allegations in the foregoing paragraphs are realleged here as if fully set forth here.

36.    Defendant disseminated and uttered knowingly false information about Plaintiff which was published to third parties. Defendant knew the information was false and made the statements with malice and reckless disregard as to whether the communications were false.

37.    Defendant continuously, repeatedly and maliciously made and circulated false statements concerning Plaintiff in his personal and professional capacities.  These statements contain false allegations of serious sexual misconduct and accordingly, these false statements constitute defamation *per se*.

38.    As a direct and proximate result of the defamation by the Defendant, Plaintiff has suffered irreparable damage to his personal and professional reputation, which has now been forever diminished and tarnished.  Plaintiff has also suffered injury to his business interests including the loss of customers and business opportunities.

39.    Plaintiff is entitled to recover actual compensatory and punitive damages as a proximate result of Defendant's defamatory statements.

## COUNT II:  TORTIOUS INTERFERENCE WITH A CONTRACT AND WITH A PROSPECTIVE ECONOMIC ADVANTAGE

40.    The allegations in the foregoing paragraphs are realleged here as if fully set forth here.

41.    By publicly disseminating demonstrably false information to an unknown number of individuals and groups about Plaintiff, Defendant has caused Plaintiff to lose existing and potential business contracts and has seriously jeopardized his ability to conduct his business endeavors.

42.    Defendant knew of Plaintiff's business interests including his wealth management company and his attempts to acquire or otherwise engage in business with third-parties.

43.    Defendant's defamatory statements have proximately caused Plaintiff both economic and non-economic damages, including, but by no means limited to loss of past and future earnings, and loss of prospective economic advantage and opportunity.

## COUNT III: NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44.     The allegations in the foregoing paragraphs are realleged here as if fully set forth here.

45.     The outrageous conduct of the Defendant was such that it proximately caused Plaintiff severe mental anguish and emotional distress.

46.     Defendant's false statements concerned allegations against Plaintiff that he had engaged in serious sexual misconduct.  Such statements would shock the conscience of a reasonable individual and not be tolerated by individuals in a civilized society.  In the matter of *Rasner v. Bouchard; Laramie County District Court Civil Action No. 2025-CV-0203419*, Judge Kirven states in his *Order Denying Defendant's Motion to Dismiss* dated November 25, 2025, "An accusation that an employee or faculty member of a school engaged in sexual abuse of a student is universally condemned."

47.     Plaintiff has suffered severe mental anguish and emotional distress as a direct and proximate result of Defendant's actions and defamatory statements.

## DAMAGES

59.     The allegations in the foregoing paragraphs are realleged here as if fully set forth here.

60.     Plaintiff has suffered damages as a proximate result of the wrongful conduct of the Defendant.

61.     The damages which Plaintiff Reid Rasner suffered as a direct and proximate result of the acts and omissions of Defendant Michael Leonard Cooley, Jr., and for which this Defendant is liable to Plaintiff include, but are not limited to, the following:

A.    Past and future mental anguish and emotional distress;

B.    Loss of past and future economic advantage and opportunity;

C.    Permanent damage to Plaintiff's reputation; and

D.    Defamation *per se* damages pursuant to Wyoming substantive law.

62.    These damages exceed the amount in controversy requirement of this Court.

## PUNITIVE DAMAGES

63.    The allegations in the foregoing paragraphs are realleged here as if fully set forth here.

64.    The acts and statements of the Defendant above-stated were so gross in nature that they constituted willful and/or wanton misconduct which were committed in reckless disregard for the welfare of the Plaintiff.  These acts and false statements are so egregious that this Defendant is liable to Plaintiff Reid Rasner for the damages more specifically alleged above and for punitive and exemplary damages.  The amount of said punitive damages shall be proven at trial.

WHEREFORE, Plaintiff Reid Rasner prays for judgment against Defendant Michael Leonard Cooley, Jr., in an amount to be proved at trial, for compensation, for punitive damages, and for the costs of this action and for such other relief as this Court deems equitable and proper.

DATED this 20th day of March, 2026.

/s/ William R. Fix
William R. Fix, W.S.B. #5-1908
Fix Law Office
P.O. Box 1459
Kealakekua, HI 96750
(307) 413-2718 Telephone
(307) 333-0717 Facsimile
fixlawoffice@gmail.com
*Attorney for Plaintiff*