**FILED**



**1:17 pm, 4/16/26**

**Margaret Botkins
Clerk of Court**

# ANSWER TO COMPLAINT

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

---

**REID RASNER,**

Plaintiff,

**MICHAEL LEONARD COOLEY, JR,**

Defendant.

---

**Case No. 26-cv-110-SWS**

---

## ANSWER TO COMPLAINT

TO THE HONORABLE COURT:

Defendant Michael Leonard Cooley, Jr, appearing pro se, hereby submits this Answer to Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 8(b), and respectfully responds to each numbered allegation contained therein as follows:

## I. RESPONSE TO ALLEGATIONS

**1. In response to Count 1 of the Complaint, Defendant admits that he made comments on Plaintiff Reid Rasner's campaign videos on the dates specified, including February 1, 2026, February 27, 2026, March 1, 2026, March 2, 2026, and March 5, 2026. Defendant admits the substance of the comments as alleged. Defendant denies that such comments were defamatory, false, or made with actual malice. Defendant denies that such comments were hidden from Plaintiff, as the comments were made directly on Plaintiff's own publicly accessible campaign videos. Defendant does not name the Plaintiff in the Defendant's comments on the Plaintiff's campaign videos. Defendant denies any legal conclusions drawn from these factual allegations and denies that Plaintiff has suffered any damages as a result of these statements.**

**2. In response to Count 2 of the Complaint, Defendant admits that Reid Rasner was a candidate for the United States House of Representatives from Wyoming during the time period in question. Defendant admits that the statements referenced were made in the context of political commentary regarding Plaintiff's candidacy. Defendant denies that the statements constitute actionable defamation and denies that Plaintiff has suffered any compensable harm or damages as alleged. Defendant further denies that Plaintiff has**

**suffered any economic or non-economic loss whatsoever. Defendant further denies any legal conclusions regarding the allegedly defamatory nature of the statements.**

**3. In response to Count 3 of the Complaint, Defendant denies that Plaintiff is entitled to monetary damages in excess of $75,000 or any amount whatsoever. Defendant denies that Plaintiff has suffered any actual damages, harm to reputation, or other compensable injury as a result of Defendant's statements. Plaintiff using a civil action No. 2025-CV-0203419 denying the Defendant's relief to dismiss has no merit in this civil case based on the Defendant's comments to the Plaintiff's campaign videos. Defendant denies that the statements were false, defamatory, or made with the requisite actual malice standard applicable to public figures and political candidates. Except as expressly admitted herein, Defendant denies each and every allegation contained in the Complaint and further denies that the Plaintiff is entitled to any relief whatsoever.**

## II. AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c):

### FIRST AFFIRMATIVE DEFENSE - FIRST AMENDMENT PROTECTED SPEECH

The statements complained of constitute political speech protected by the First Amendment to the United States Constitution. As commentary directed toward a candidate for the United States House of Representatives, such statements receive the highest level of constitutional protection. The First Amendment provides robust protection for political discourse, including statements that may be considered offensive, hyperbolic, or critical of political candidates. Plaintiff's claims seek to impose liability for constitutionally protected political expression, which violates Defendant's fundamental right to free speech.

### SECOND AFFIRMATIVE DEFENSE - ACTUAL MALICE STANDARD

Plaintiff Reid Rasner, as a candidate for the United States House of Representatives, constitutes a public figure for purposes of defamation law. The applicable standard is set forth in New York Times Co. v. Sullivan, 376 U.S. 254 (1964), which requires a public figure to prove actual malice. Plaintiff must prove by clear and convincing evidence that Defendant made the alleged statements with knowledge of their falsity or with reckless disregard for their truth or falsity. Plaintiff cannot meet this heightened burden of proof. Defendant's statements were made as political commentary and opinion regarding Plaintiff's fitness for public office, without actual malice as defined by applicable constitutional standards.

### THIRD AFFIRMATIVE DEFENSE - NON-ACTIONABLE HYPERBOLE AND OPINION

The statements complained of constitute non-actionable hyperbole, rhetorical flourish, and expressions of opinion that cannot reasonably be interpreted as statements of verifiable fact. In the context of heated political discourse, such statements are understood by reasonable readers as exaggerated political commentary rather than literal factual assertions. The statements represent Defendant's subjective opinion regarding Plaintiff's character and fitness for public office, which opinions are protected forms of expression that cannot form the basis for defamation liability.

**FOURTH AFFIRMATIVE DEFENSE - LACK OF ACTUAL DAMAGES**

Plaintiff has failed to suffer any actual, compensable damages as a result of the alleged statements. Plaintiff cannot demonstrate any quantifiable harm to reputation, lost opportunities, economic injury, or other cognizable damages flowing from Defendant's statements. Any claimed damages are speculative, remote, and not proximately caused by Defendant's protected speech. The absence of actual damages precludes any award of monetary relief to

**FIFTH AFFIRMATIVE DEFENSE - PUBLIC FORUM AND POLITICAL DISCOURSE**

The statements were made in a public forum as part of legitimate political discourse regarding a candidate for federal office. Such is discourse entitled to the broadest possible protection under the First Amendment. The statements were made on publicly accessible social media platforms in direct response to Plaintiff's own campaign materials, constituting participation in the democratic process of evaluating candidates for public office. This context reinforces the protected nature of Defendant's expression.

**SIXTH AFFIRMATIVE DEFENSE - FAILURE TO STATE A CLAIM**

Plaintiff's Complaint fails to state a claim upon which relief can be granted. The allegations, even if taken as true, do not establish the elements necessary for a viable defamation claim under applicable law. Specifically, Plaintiff has failed to adequately allege falsity, defamatory meaning, publication to third parties with the requisite intent, actual malice, and compensable damages. The Complaint is legally insufficient and should be dismissed in its entirety.

## III. PRAYER FOR RELIEF

WHEREFORE, Defendant Michael Leonard Cooley, Jr respectfully requests that this Honorable Court:

**A.** DISMISS Plaintiff's Complaint in its entirety with prejudice for failure to state a claim upon which relief can be granted;

**B.** ENTER JUDGMENT in favor of Defendant on all claims asserted by Plaintiff;

**C.** AWARD Defendant his reasonable costs, and expenses incurred in defending this action, as provided by applicable law;

**D.** ISSUE an ORDER prohibiting Plaintiff from filing any similar claims based on the same or substantially similar factual allegations and legal theories against Defendant;

**E.** ORDER that all issues in this matter, should the case proceed to trial, be tried to the Court sitting without a jury (bench trial);

**F.** GRANT such other and further relief as this Court deems just and proper.

## IV. DEMAND FOR TRIAL

Defendant hereby demands that all issues in this case be tried to the Court without a jury.

## V. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Complaint was served upon Plaintiff by the method indicated below on this 17th day of April, 2026:

By hand delivery

By certified mail, return receipt requeste

By electronic filing through the Court's CM/ECF system

X  By email to: wydnewcase@wyz.uscourts.gov

Other: _____

This Answer is filed within twenty-one (21) days of service of the Summons and Complaint upon Defendant as required by Federal Rule of Civil Procedure 12(a)(1)(A), having been served on April 6, 2026.

I, Michael Leonard Cooley, Jr., declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to best of my knowledge, information, and belief.

Executed on this 16th day of April, 2026

**Respectfully submitted,**

**MICHAEL LEONARD COOLEY, JR**

Defendant, Pro Se

**Address:**

520 S Atkinson St

Truro, Iowa 50257

**Telephone:** 641-344-8544

**Email:** mikecooley1983@gmail.com